**THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

---

**CORY WILLIAMS**
*Individually, and on behalf of himself and others similarly situated,*

Plaintiff,

v. No. ________________

**AWP, INC.**

**FLSA Multi-Plaintiff Action**
**Rule 23 Class Action**
**JURY DEMANDED**

Defendant.

---

**ORIGINAL FLSA MULTI-PLAINTIFF AND CLASS ACTION COMPLAINT**

---

Named Plaintiff, Cory Williams ("Plaintiff"), individually and on behalf of himself and other similarly situated hourly-paid traffic control employees, brings this action against AWP, Inc. ("Defendant") as a multi-plaintiff and Rule 23 class action and to recover unpaid overtime compensation, as follows:

## I. INTRODUCTION

1. This lawsuit is brought against Defendant as a multi-plaintiff action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation and other damages for Plaintiff and other similarly situated current and former hourly-paid traffic control employees.

2. This lawsuit also is brought as a Fed. R. P. 23 class action, alleging breach of contract, unjust enrichment, and quantum meruit claims under Tennessee common law.

3. Plaintiff alleges he and similarly situated hourly-paid traffic control employees were not paid for all their overtime hours at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this cause of action.

4. Defendant either failed to record all of the overtime hours of Plaintiff and others similarly situated into its time keeping system or "edited-out" such hours from its time keeping system during all times material to this Complaint.

## II. JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. This court has jurisdiction over Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C. § 1367 because the claims are so related to those of this action within the Court's original jurisdiction in that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff performed work for Defendant in this district. Also, Defendant has conducted and continues to conduct business in this district during all times material to this action.

## III. PARTIES

8. Plaintiff, Cory Williams, was employed by Defendant as an hourly-paid traffic control employee within this district during the relevant period herein. (Plaintiff Williams' Consent to Join this action is attached hereto as Exhibit A.)

9. Defendant, AWP, Inc. is an Ohio corporation with its principal address located at 4244 Mount Pleasant, Street NW, North Canton, Ohio 44720. Defendant can be served process at: Corporation Service Company, 2008 Poston Avenue, Nashville, TN 37203-1312.

## IV. COVERAGE

10. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Complaint.

11. Plaintiff and all other similarly situated persons performed work for Defendant during all times relevant to this action.

12. Defendant employed Plaintiff and those similarly situated and was responsible for establishing and administering time keeping and pay policies and practices related to them during all times relevant to this Complaint.

13. Plaintiff and those similarly situated have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and, performed work duties for Defendant within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

14. At all times relevant, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenues in excess of $500,000.00.

15. At all times relevant, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees have engaged in interstate commerce.

## V. FACTUAL ALLEGATIONS

16. Defendant, AWP, Inc. is a traffic safety and traffic control company with 160 locations in the United States and Canada.

17. Defendant had a time keeping system in which to record the work hours of Plaintiff and those similarly situated during all times material.

18. Plaintiff and those similarly situated worked more than forty (40) hours per week within weekly pay periods for Defendant within weekly pay periods during all times material when all their unpaid "off the clock" compensable time is included in their pay.

19. However, Defendant failed to pay them for all their work hours over 40 per week within weekly pay periods at one and one-half times their regular hourly rates of pay for all such overtime hours.

20. Plaintiff and those similarly situated were not compensated for the following "off the clock" compensable time*, inter alia*:

(a) Waiting time prior to driving Defendant's vehicles with traffic control equipment and supplies from its main station to their work stations each work day, without being paid for such "waiting" time;

(b) Pre-tripping their assigned company vehicles in accordance with safe business practices prior to driving Defendant's vehicles with traffic control equipment and supplies from Defendant's main station to their work stations each work day, without being paid for such "pre-tripping" time;

(c) Fueling company owned vehicles prior to driving Defendant's vehicles with traffic control equipment and supplies from Defendant's main station to their work stations each work day, without being paid for such "fueling" time;

(d) Driving Defendants vehicles with traffic control equipment and supplies from its main station to their work stations each work day, without being paid for such driving time;

(e) Driving company owned vehicles from their last work station back to Defendant's main station, without being paid for such driving time; and

(f) Performing other post-shift "off the clock" tasks, without being compensated for such work time.

21. Defendant had full knowledge of the "off the clock" overtime work of Plaintiff and those similarly situated without being compensated for such work at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material.

22. Defendant suffered, permitted, and embraced Plaintiff and those similarly situated to perform such "off the clock" overtime work without compensating them for such work at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material.

23. Defendant failed to keep accurate records related to the compensable work time of Plaintiff and those similarly situated.

24. The unpaid overtime claims of Plaintiff and those similarly situated are unified through a common theory of Defendant's FLSA statutory violations.

25. Defendant willfully and with reckless disregard of the clearly established FLSA overtime compensation requirements violated the Act by failing to compensate Plaintiff and those similarly situated for all their compensable overtime hours within weekly pay periods at the applicable FLSA overtime compensation rates of pay.

26. Defendant's conduct was without a good faith basis.

27. The net effect of Defendant's common policy and practice of failing to pay Plaintiff and those similarly situated for all their overtime hours was to save payroll costs and payroll taxes.

28. As a consequence, Defendant violated the FLSA and enjoyed ill-gained profits at the expense of Plaintiff and those similarly situated.

29. Also, Defendants promised Plaintiff and other Rule 23 class members specified hourly rates of pay for all work hours performed for them within weekly pay periods during all time material herein.

30. Plaintiff and other Rule 23 class members accepted Defendants' offer by performing all hours of work required by the Defendants.

31. However, Defendants breached their contractual obligations to Plaintiff and other Rule 23 class members and unjustly enriched themselves by failing to pay them the promised wages during all applicable times.

32. Therefore, Defendants are liable to Plaintiff and other Rule 23 class members for the promised hourly pay for which they earned but were not paid within the weekly pay periods during all times material herein.

33. Plaintiff and those similarly situated are entitled and hereby seek to recover back pay, liquidated damages, attorneys' fees, interest, and other cost, fees and expenses from Defendant for all the unpaid overtime hours they worked.

34. Although, at this stage, Plaintiff is unable to state the exact amount owed him and those similarly situated, he believes such information will become available during the course of discovery.

35. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI. MULTI-PLAINTIFF ALLEGATIONS

36. Plaintiff brings this action on behalf of himself and those similarly situated as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b), as follows:

> All current and former hourly-paid traffic control employees of Defendant who were employed by Defendant anywhere in Tennessee at any time during the applicable limitations period covered by this Multi-Plaintiff Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are Named Plaintiffs or elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b) (collectively, "potential plaintiffs").

37. The claims under the FLSA may be pursued by those who join this cause of action under 29 U.S.C. § 216(b).

38. The exact number of potential plaintiffs is unknown to Plaintiff at this time but can be determined through discovery.

39. The claims of Plaintiff are typical of the claims of those similarly situated.

40. Plaintiff and potential plaintiffs are similarly situated in that they worked for Defendant during all times material and were subject to the same operational, compensation, and time keeping policies and practices, including not being paid for all their overtime hours within weekly pay periods at the applicable FLSA overtime compensation rates of pay, as previously addressed.

41. Plaintiff and potential plaintiffs also are similarly situated because their unpaid overtime claims are unified through a common theory of Defendant's FLSA statutory violations.

42. Plaintiff will fairly and adequately protect the interests of potential plaintiffs as their interests are mutually aligned.

43. Plaintiff has no interests adverse to potential plaintiffs.

44. Plaintiff has retained competent counsel who are experienced in FLSA multi-plaintiff litigation.

45. The FLSA multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individuals in a multi-plaintiff action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for plaintiffs to individually seek address for the wrongs done to them.

46. Plaintiff and those similarly situated have suffered and will continue to suffer irreparable damage from the aforementioned unlawful policies, practices, and procedures implemented and administered by Defendant.

## I. RULE 23 CLASS ACTION ALLEGATIONS

47. Plaintiff brings this cause as a Fed. R. Civ. P. 23 class action on behalf of himself and other Rule 23 class members to recover unjust enrichments enjoyed by Defendants, as previously described.

48. Specifically, Plaintiff brings this Fed. R. Civ. P. 23(b)(3) class action against Defendants on behalf of himself and the following Rule 23 class members:

> All hourly-paid employees who were employed by Defendants in the State of Tennessee during the past three years preceding the filing of this Original Complaint (the “Rule 23 class”).

49. As previously described, Defendants failed to pay Plaintiff and other Rule 23 class members at their specified hourly rates of pay for all hours worked.

50. The precise number of Rule 23 class members is not known as of this time. However, the exact number of such class members easily can be ascertained by examining Defendants’ payroll, scheduling, timekeeping, personnel, and other work-related records and

documents.

51. Questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members. These common questions of law or fact are:

(a) Whether Defendants failed to provide specified hourly rates of pay promised to Plaintiff and other Rule 23 class members for all their hours worked;

(b) Whether Defendants unjustly enriched themselves by the money they saved in failing to provide Plaintiff and Rule 23 class members their promised hourly rates of pay; and

(c) The nature and extent of the Rule 23 class-wide injury and the appropriate measure of damages for Plaintiff and the Rule 23 class members for such injuries.

52. Plaintiff's claims are typical of Rule 23 class claims, as alleged herein.

53. Plaintiff's claims and those of the members of the Rule 23 class arose from the same Defendants' actions or inactions herein and the claims are based on the same legal theories.

54. The identity of the Rule 23 class members is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

55. Plaintiff is an adequate class representative for Rule 23 class members.

56. Plaintiff's unpaid wage claims are typical of those that could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief which would be sought by each member of the putative Rule 23 class in separate actions.

57. Plaintiff and other Rule 23 class members were subject to the same unlawful practices of Defendants.

58. This class action is superior to other available methods for the fair and efficient

adjudication of this litigation, particularly in the context of the Rule 23 class claims herein, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

59. Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions require.

60. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in significant savings.

61. Although the relative damages suffered by individuals in the class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

62. As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims.

63. Plaintiff have engaged the law firm of Jackson, Shields, Holt, Owen & Bryant to pursue the unjust enrichment claims for himself and other Rule 23 class members. (The Jackson, Shields, Holt, Owen & Bryant law firm focuses much of its practice on unpaid wage claims under the FLSA and state laws.)

64. The law firm has represented numerous other employees asserting unjust enrichment claims.

65. While the exact number of Rule 23 class members is unknown at this time and can be accessible via discovery, there are - upon information and belief - sufficient numbers of such individuals to satisfy the numerosity requirements herein.

66. Plaintiff and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage practices implemented and administered by Defendants.

**COUNT I**
**FLSA VIOLATIONS – UNPAID OVERTIME COMPENSATION**

67. Plaintiff incorporates all preceding paragraphs as though fully rewritten herein.

68. At all times relevant herein, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

69. At all times relevant herein, Defendant employed Plaintiff and those similarly situated within the meaning of the FLSA.

70. At all times relevant herein, Defendant has had a common policy and practice of willfully failing to pay Plaintiff and potential plaintiffs the applicable FLSA overtime compensation rates of pay for all their work hours in excess of 40 per week within weekly pay periods during all times material to this action, as previously described.

71. Defendant failed to pay Plaintiff and those similarly situated for all their overtime hours within weekly pay periods during all times material herein, as previously described.

72. During all times relevant, Defendant's common policy and practice of willfully failing to pay Plaintiff and class members one and one-half times their regular hourly rate of pay for all hours worked over forty (40) within weekly pay periods has resulted in their claims being unified through a common theory of Defendant's FLSA violations.

73. At all times relevant herein, Defendant has had actual knowledge of willfully refusing to pay Plaintiff and potential plaintiffs for all their hours worked over forty (40) within weekly pay periods at the applicable FLSA overtime compensation rates of pay.

74. As a result of Defendant's willful failure to compensate Plaintiff and potential plaintiffs at a rate of not less than one and one-half times their regular rates of pay for hours in excess of forty (40), within weekly pay periods during all times relevant, it has violated and continues to violate the FLSA, 29 U.S.C. § 255(a).

75. Defendant does not have a good faith basis for its aforementioned FLSA violations.

76. Due to Defendant's willful FLSA violations and lack of a good faith basis for the FLSA violations, Plaintiff and potential plaintiffs are entitled to recover compensation from Defendant for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

**COUNT II**
**RULE 23 CLASS ACTION - BREACH OF CONTRACT**

77. Plaintiff incorporates by reference all the preceding paragraphs as if fully rewritten herein.

78. Plaintiff asserts a breach of contract claim under Tennessee common law because Defendants entered a valid and enforceable unilateral wage contract with Plaintiff and the other Rule 23 class members by promising them specified hourly rates of pay for all hours worked, as previously described.

79. Plaintiff and the other Rule 23 class members accepted Defendants' promises and offer by performing all the work required of them.

80. Defendants breached such unilateral contract with Plaintiff and other Rule 23 class members by failing to pay them their promised wages, as previously described.

81. Defendants have been aware they failed to pay Plaintiff other Rule 23 class members all the wages owed to them under the said unilateral contracts.

82. Defendants are liable to Plaintiff and other Rule 23 class members for all the unpaid wages

promised to them.

**COUNT III**
**RULE 23 CLASS ACTION - UNJUST ENRICHMENT CLAIM**

83. Plaintiff incorporates by reference all the preceding paragraphs as if fully rewritten herein.

84. Plaintiff asserts an unjust enrichment claim under Tennessee common law on the basis that Defendants failed to pay Plaintiff and other Rule 23 class members a specific hourly rate of pay for all hours worked, as previously described.

85. Defendants unjustly enriched themselves by their failure to pay Plaintiff and other Rule 23 class members their promised hourly rates of pay - as previously addressed.

86. Defendants were aware they failed to pay Plaintiff and other Rule 23 class members all the wages owed to them.

87. Defendants' failure to pay Plaintiff and other Rule 23 class members all the wages promised to them made it unjust and inequitable.

88. Defendants are liable to Plaintiff and other Rule 23 class members for the amount of money Defendants have enriched themselves by their failure to pay Plaintiff and other Rule 23 class members their promised hourly rates of pay for all the work performed by them during all times material to this action.

**COUNT IV**
**RULE 23 CLASS ACTION - QUANTUM MERUIT CLAIM**

89. Plaintiff incorporates by reference all the preceding paragraphs as if fully rewritten herein.

90. Plaintiff asserts a quantum meruit claim under Tennessee common law on the basis that he and other Rule 23 class members provided valuable work services to Defendants during all times material.

91. Defendants accepted the work services of Plaintiff and other Rule 23 class members and

had reasonable notice that they expected to be paid for their work time spent on behalf of Defendants.

92. However, Plaintiff and other Rule 23 class members were not paid for all their time spent working on behalf of Defendant.

93. The reasonable value of the work time Plaintiff and other Rule 23 class members spent on behalf of Defendants is consistent with the wages promised to them because Defendant benefited to such degree or more from such work provided.

94. Defendants are liable to Plaintiff for the value of the unpaid work services he provided Defendant during all times material to this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of himself and potential plaintiffs, requests the Court to enter judgment in their favor on this Complaint and:

A. Promptly facilitate notice to potential plaintiffs under 29 U.S.C. § 216(b), apprising them of the pendency of this action and permitting them to assert timely FLSA claims by filing individual consents to join this action under said 29 U.S.C. § 216(b);

B. Award Plaintiff and potential plaintiffs who join this action all of their unpaid overtime compensation;

C. Award Plaintiff and potential plaintiffs who join this action liquidated damages in accordance with the FLSA;

D. Award and potential plaintiffs who join this action prejudgment interest (to the extent that liquidated damages are not awarded);

E. Award Plaintiff and potential plaintiffs who join this action reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F. For certification of and notice to the Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

G. An award of damages to Plaintiff and Rule 23 class members for Defendants' breach of contract. s

H. An award of damages to Plaintiff and Rule 23 class members for Defendants' unjust enrichment.

I. An award of damages to Plaintiff and Rule 23 class members against Defendants related to their quantum meruit claims.

J. Award post-judgment interest and court costs as allowed by law;

K. Allow Plaintiff to amend this Complaint, if necessary, as new facts are discovered;

L. Provide additional general and equitable relief to which Plaintiff and potential plaintiffs may be entitled; and

M. Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Date: January 22, 2026.

Respectfully Submitted,

*s/ J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***